**PATTERSON, Plaintiff-Appellee, v. REZABEK, ET, Defendant-Appellee.**

Ohio Appeals, Seventh District, Belmont County.

No. 798.   Decided December 5, 1945.

Thornburg & Lewis, St. Clairsville, for Plaintiff-Appellée.

J. H. Chaney, Barnesville, for Defendant-Appellee, Joseph Rezabek.

Gordon D. Kinder, Martins Ferry, for Defendant-Appellant, The Methodist Children's Home of the Ohio Annual Conference.

## OPINION

By THE COURT:

Defendant, The Methodist Children's Home of the Ohio Annual Conference, a corporation, appeals to this court on questions of law from a judgment of the court of common pleas entered in plaintiff's action seeking a declaratory judgment defining the rights of the parties to this suit as such rights can be determined by construction of the provisions of the last will and testament of F. J. Wilcox, deceased.

Testator died leaving an estate consisting of personal property, two tracts of real estate, and a half interest in a third tract.

By Item 2 of his last will and testament he gave, devised and bequeathed to his daughter "for her use, support, maintenance, and care, for, and during the term of her natural life all my (his) estate and property of every kind and description, and wherever the same may be located, excepting as otherwise herein (therein) provided."

By Item 3 of his will he bequeathed one hundred dollars to the trustees of the Pleasant Ridge M. E. Church, and directed that the income therefrom be used for the purposes named therein, which need not be stated herein.

In Item 4 he recited that he and his sister, Sarah Wilcox, owned eighty acres of land situated in Wayne Township, Bel-

mont County, Ohio, identified in plaintiff's amended petition filed in the trial court and designated herein as the Third Tract; that he and his sister lived thereon, and in that item set forth:—

"It is my wish and desire that my interest in this tract of land be not sold or disposed of by my said daughter during the lifetime of my said sister, unless it becomes absolutely necessary to make such sale in order to properly maintain, care for, and support my said daughter or unless my said daughter and sister shall mutually agree that they wish to sell the same. It is further my will and I hereby direct that in the event my said daughter dies before the death of my sister, and without children, that my said sister shall have, and I do hereby give and devise my interest in said Eighty acre tract of land to my said sister during the term of her natural life."

Items 5 and 6 of such will read as follows:—

"Item 5. Should my said daughter die leaving children, she shall have the right to turn over to her said children or their heirs all property received by her from my estate in such manner as she deems best. If, however, my said daughter should die without children or heirs surviving her, it is my will and I do hereby give and bequeath to the Trustees of the Pleasant Ridge M. E. Church or their successors, the sum of Five Hundred Dollars ($500) to be used by said trustees for and on behalf of said church and for the best interests and advancement of the Christian Religion as they deem best. The residue of my estate and said Five Hundred Dollars ($500), if for any reason, the legacy to said church shall lapse, I hereby direct shall be paid to the trustees of the Methodist Children's Home at Worthington, Ohio, and their successors in office, to be used by said trustees in the interests of said home, as they deem best."

Item 6. I hereby nominate my said daughter, Lola Pearl Wilcox, sole executrix of this, my last will and testament, and direct that she be not required to give any bond as such executrix. I authorize my said daughter to choose whomsoever she may wish to help and aid her in her work as such executrix. I further authorize my said daughter as such executrix to collect any and all claims due to my estate, to settle and pay any and all claims due from my estate, to sell and dispose of both personal and real estate for the purposes set forth in this will at either public or private sale, for such price and upon

such terms as she may deem best, and to execute and deliver sufficient and proper deeds of conveyance therefor, and to do any and all other things whatsoever necessary to the proper adjustment and settlement of my affairs and without being required to secure any order or authority of any court or courts whatsoever for any of said purposes, and without the intervention of any court or courts whatsoever in carrying out my wishes and desires as herein expressed."

Sarah E. Wilcox, individually, and Lola Pearl Wilcox, individually and as executrix of the estate of J. F. Wilcox, deceased, conveyed the third tract to defendants Lester Moore and LaVerna Moore by deed of general warranty dated December 9, 1930.

On October 2, 1935, Lola Pearl Wilcox, unmarried, conveyed to defendant Joseph Rezabek by deed of general warranty the tract of land described in plaintiff's amended petition and referred to herein as First Tract. This deed was not executed by her as executrix.

On May 4, 1936, Pearl Patterson, nee Lola Pearl Wilcox, together with her husband, deeded the tract to which reference is made in plaintiff's amended petition and designated herein as the Second Tract by deed of general warranty to defendants Lester Moore and LaVerna Moore. This deed was not executed by Lola Pearl Wilcox Patterson as executrix.

On or about the 28th day of March, 1944, defendant Rezabek filed an action in the court of common pleas seeking to quiet his title to the real estate conveyed to him by plaintiff, which action is pending in that court.

There is evidence that plaintiff was testator's only child, and lived with him until he died in August, 1929; that she had poor health since she was a child; that she was eighteen years old when his will was executed on April 20, 1916; that her mother was dead at that time; that subsequent to testator's death Sarah Wilcox lived with her until October 1938; that a child of testator's brother and "19 heirs" of testator's three half brothers and half sister and plaintiff's husband are living. There is undisputed testimony that it was necessary for plaintiff to sell the real estate in question for her support.

The trial judge found inter alia as follows:—

"That the testator, J. F. Wilcox, intended and did provide in his Last Will and Testament that his daughter, Lola Pearl Wilcox Patterson, the plaintiff herein, is entitled to the income from all the estate of said J. F. Wilcox except the one hundred dollars bequeathed to the Trustees of the Pleasant Ridge M. E. Church under Item 3 of the Will of said J. F. Wilcox and is.

also entitled to all of the principal of said estate, if necessary, for her use, support, maintenance and care during her lifetime, and that she had the full legal right and power to sell and convey any real estate left by the said J. F. Wilcox.

"That if the said Lola Pearl Wilcox·Patterson should die without children or the issue of her children surviving her, and there is left unconsumed any residue of the principal or income of said estate then the sum of Five Hundred Dollars of said residue of the estate of said J. F. Wilcox, deceased, shall go to the trustees of the Pleasant Ridge M.·E. Church to be used by said Trustees for and on behalf of said Church for the best interests and advancement of the Christian religion as said church may deem best; and the residue, if any, and said Five Hundred Dollars (if for any reason the legacy to said church shall lapse) shall go to the and vest in the Trustees of the Methodist Children's Home of Worthington, Ohio, and their successors in office, to be used by said trustees in the interest of said home as they deem best.

"That during the lifetime of the said Lola Pearl Wilcox Patterson, she shall have full control and use of the property received from the estate of J. F. Wilcox as to both principal and income, with the power to sell and convey, invest and reinvest and use said property without any restraint, providing that if there remains at her death any residue of said property undisposed of whether the same shall consist of the original property or property acquired by investment or reinvestment, then such residue shall go to the institutions named .above providing there are no children or children's children living at the time of the death of the said Lola Pearl Wilcox Patterson.

"That the deed given by Lola Pearl Wilcox to Joseph A. Rezabek dated October 2, 1935, and recorded in Vol. 274, page 251, of the Belmont County Deed Records is a good and valid ·deed and conveyed said real estate, to-wit: The Tract described in the Amended Petition as First Tract, containing 26.66 acres to the said Joseph A. Rezabek in fee simple and the title of the said Joseph A. Rezabek is quieted against all claims of all persons claiming through or under the said Lola Pearl Wilcox Patterson.

"That the deed given by said Lola Pearl Wilcox and her husband, Fred B. Patterson, conveying said real estate to-wit: The Second Tract as described in the Amended Petition containing 19.83 acres to Lester Moore and LaVerna Moore, by deed bearing date of May 4, 1936, and recorded in Volume 274, Page 279, of the Belmont County Deed Records is a good and valid deed conveying said real estate to said Lester Moore and LaVerna Moore, by full and complete title in fee simple and the

title of said Lester Moore and LaVerna Moore is quieted against all claims of all persons claiming through or under the said Lola Pearl Wilcox Patterson.

"The deed given by Lola Pearl Wilcox as Executrix of the estate of J. F. Wilcox, and as an individual conveying to Lester Moore and LaVerna Moore certain real estate described in the Amended Petition by deed dated December 9, 1930, and recorded in Volume 268, Page 414, of the Deed Records of Belmont County, a full and complete title in fee simple to the undivided one-half interest in the real estate described as the Third Tract in this Amended Petition and the title of the said Lester Moore and LaVerna Moore is quieted against all claims of all persons claiming through or under the said Lola Pearl Wilcox Patterson in and to said real estate."

From the judgment of the common pleas court The Methodist Children's Home of the Ohio Annual Conference appealed to this court on questions of law and contends that the judgment of the court "determines that the plaintiff-appellee, Lola Pearl Wilcox Patterson, may sell and dispose of testator's real estate other than the eighty (80) acre tract devised in Item IV of testator's will, whereas under the Will, the plaintiff is given only a life interest therein," and that the "decision and judgment is manifestly against the weight of the evidence" and "is contrary to law."

We cannot concur fully in the conclusions reached by the trial judge for the reason that such court has held that the church and children's home will receive the unexpended balance of the proceeds of this real estate in the event that Lola Pearl Wilcox Patterson dies without children or their children. We believe under Item 5 such church and children's home will receive such unexpended balance of the proceeds of such sales, or investments of such proceeds in real estate or otherwise, only in the event that Lola Pearl Wilcox Patterson fails "to turn over to her children or their heirs" the property received by her from such estate, and dies without children or her heirs, her heirs being used in the strict technical sense of that word, there being nothing in the will to indicate otherwise.

We are further of opinion that by reason of the express authorization in the will to Lola Pearl Wilcox (Patterson) "as executrix" to sell the real estate the deeds executed to defendants Rezabek and Moore conveying tracts numbered one and two should be re-executed by her as executrix, and being so re-executed the title of the respective grantees is quieted in them, there being some doubt as to her right as an individual to convey such real estate.

The judgment of the court of common pleas is affirmed except as modified above.

NICHOLS, PJ, CARTER and PHILLIPS, JJ, concur.